HARVEY LONG, Respondent, *v.* IRVING GARTNER, Doing Business as G & G CONSTRUCTION Co., et al., Appellants.

Third Department, April 21, 1969.

*Barry, McTiernan & Congdon* (*Roger P. McTiernan* of counsel), for appellants.

*Appelbaum & Eisenberg* (*Bertram W. Eisenberg* of counsel), for respondent.

GREENBLOTT, J. This is an appeal from a judgment of the Supreme Court entered upon a verdict in favor of plaintiff and against both defendants and from an order of said court, which denied defendants' motion to set aside the verdict.

Respondent was injured while employed as a laborer in the construction of a two-story building. Appellant Greenwood Estates, Inc., the owner, contracted with appellant G & G Construction Co., the general contractor, who, in turn, contracted with the Alfred Van Keuren Construction Co. and various other subcontractors for the construction of the building. Van Keuren was responsible for the carpentry and masonry work, while the others were to do the excavation, plumbing and heating, electrical work and painting. Respondent was employed by Van Keuren.

The building had progressed to the point where frames for stairwells had been installed. This left open and unprotected the areas encompassing these stairwells. Van Keuren's workers were nailing plywood sheets to beams supporting the second floor. It was respondent's job to carry the plywood sheets to the carpenters. The accident occurred near a stack of plywood piled partially over a stairwell opening. These sheets had been stacked for at least a day and a half prior to the accident. As respondent began to lift one of the sheets, he stepped on a piece of plywood which extended over the open stairwell and fell to the first floor. There were no railings or barriers placed around the stairwell openings after the first floor framing was completed.

The court, in addition to charging the general rules of negligence, charged the provisions of section 241 of the Labor Law and the applicable rules of the Board of Standards and Appeals. The court further charged that contributory negligence was not a defense to a violation of section 241 of the Labor Law, but that contributory negligence would be a defense to a violation of the rules of the Board of Standards and Appeals.

The decision of this court in *Corbett* v. *Brown* (32 A D 2d 27 [decided herewith] is determinative of this appeal. The charge of the trial court that contributory negligence was not a defense to a violation of section 241 was error. A new trial is therefore required.

The judgment should be reversed, on the law and the facts, and a new trial ordered, with costs to abide the event.

GIBSON, P. J., AULISI, STALEY, JR., and COOKE, JJ., concur.

Judgment reversed, on the law and the facts, and a new trial ordered, with costs to abide the event.